**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 08-5242**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

KINYA LAVETTE GATLING,

Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Charleston. Patrick Michael Duffy, District Judge. (2:08-cr-00573-PMD-1)

Submitted: November 13, 2009      Decided: December 11, 2009

Before NIEMEYER, MOTZ, and GREGORY, Circuit Judges.

Affirmed by unpublished per curiam opinion.

J. Robert Haley, Assistant Federal Public Defender, Charleston, South Carolina, for Appellant. Eric John Klumb, Assistant United States Attorney, Charleston, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Pursuant to a plea agreement, Kinya Lavette Gatling pled guilty to aggravated identity theft, in violation of 18 U.S.C. § 1028A(1)(A) (2006). The district court sentenced Gatling to twenty-four months in prison. Gatling appeals her conviction and sentence. Her attorney has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), finding no meritorious grounds for appeal but challenging the adequacy of the Fed. R. Crim. P. 11 hearing and questioning whether the sentence imposed by the district court was reasonable. Gatling was advised of her right to file a pro se supplemental brief, but she did not file one. We affirm.

Because Gatling did not move in the district court to withdraw her guilty plea, any error in the Rule 11 hearing is reviewed for plain error. United States v. Martinez, 277 F.3d 517, 525 (4th Cir. 2002) (discussing standard). Our careful review of the record convinces us that the district court substantially complied with the mandates of Rule 11 in accepting Gatling's guilty plea and ensured that Gatling entered her plea knowingly and voluntarily and that the plea was supported by an independent factual basis. See United States v. DeFusco, 949 F.2d 114, 116, 119-20 (4th Cir. 1991).

Turning to Gatling's sentencing challenge, § 1028A prescribes a mandatory two-year penalty for aggravated identity

2

theft.  The district court possessed no discretion to sentence below the statutory mandatory sentence.  Cf. United States v. Robinson, 404 F.3d 850, 862 (4th Cir. 2005) (holding that, even after United States v. Booker, 543 U.S. 220 (2005), "judges cannot depart below a statutorily provided minimum sentence"). "A statutorily required sentence . . . is per se reasonable." United States v. Farrior, 535 F.3d 210, 224 (4th Cir.), cert. denied, 129 S. Ct. 743 (2008).  We conclude that the statutorily-prescribed sentence imposed by the district court is reasonable.

In accordance with Anders, we have reviewed the entire record for any meritorious issues and have found none. Accordingly, we affirm the district court's judgment.  This court requires that counsel inform his client, in writing, of her right to petition the Supreme Court of the United States for further review.  If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on the client.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

3